The Honorable Terry Jones Prosecuting Attorney Fourth Judicial District 280 N. College, Suite 301 Fayetteville, AR 72701
Dear Mr. Jones:
You have requested my opinion concerning stolen property held by pawn shops, in light of the Arkansas Supreme Court's decision in Landers v.Jameson, 355 Ark. 163, 132 S.W.3d 741 (2003).
Your questions are:
 (1) Can police still seize stolen property (or property that was used in a crime) that is in a pawn shop, or must the police obtain a search warrant first?
 (2) If police have seized property from a pawn shop, can the police return it to the rightful owner after the criminal case is completed, or do the police return it to the pawn shop?
 (3) Is a conviction enough proof to allow the property to be returned to the rightful owner, or is a separate hearing required?
 (4) What type of hearing is required by the rightful owner to get the pawn shop to turn over the property? In other words, what does a rightful owner have to do to get his property back?
 (5) What prevents the police from arresting pawn shop owners who are in possession of stolen property but do not release the property? Does that not put pawn shop owners in a position of following Landers and risking arrest?
RESPONSE
Question 1 — Can police still seize stolen property (or property that wasused in a crime) that is in a pawn shop, or must the police obtain asearch warrant first?
It is my opinion that police can, under appropriate circumstances, seize stolen property (or property that was used in a crime) that is located in a pawn shop. The question of whether they must obtain a warrant will depend on the circumstances of each case.
The Landers decision does not affect the ability of police officers to seize, under appropriate circumstances, property that is located in a pawn shop. Rather, the Landers decision impacts the disposition of seized property. These conclusions are explained more fully below.
The seizure by police officers of stolen property that is located in a pawn shop implicates both Fourth Amendment (search and seizure) principles and Fourteenth Amendment (due process) principles. The Landers decision dealt with due process principles, rather than with search and seizure principles. Police officers clearly must comply with due process principles in connection with seized property, as illustrated by Landers,
but they must also comply with search and seizure principles. See UnitedStates v. James Daniel Good Real Property, 510 U.S. 43, 50 (1993) ("The proper question is not which Amendment controls but whether either Amendment is violated.").
The U.S. Supreme Court noted in James Daniel Good Real Property, supra,
the distinction between seizures of property for purposes of preserving evidence of wrongdoing, and seizures of property for purposes of effecting a forfeiture ("assert[ing] ownership and control over the property itself"). Id. at 52. Although, as noted above, both Fourth Amendment principles and Fourteenth Amendment principles can apply to both of these types of cases, seizures of property that were carried out for the purpose of preserving evidence of wrongdoing will generally give rise to Fourth Amendment concerns, whereas seizures of property that were carried out for the purpose of effecting a forfeiture of the property will generally give rise to Fourteenth Amendment concerns. However, one act of seizure can implicate both sets of principles. Id. at 49, quotingSoldal v. Cook County, 506 U.S. 56, 70 (1992) ("Certain wrongs affect more than a single right and, accordingly, can implicate more than one of the Constitution's commands.").[1]
Under Fourth Amendment principles, the validity of any seizure of property will depend upon its reasonableness under the circumstances.See, e.g., Ohio v. Robinette, 519 U.S. 33, 39 (1996) (the "touchstone of the Fourth Amendment is reasonableness," quoting Florida v. Jimeno,500 U.S. 248, 250 (1991)). Generally, any seizure of property will require a warrant, unless an exception to the warrant requirement exists. For example, if police officers are legitimately at a location and acting without a search warrant, and they have probable cause to believe that an object that is in plain view is either evidence of a crime, fruit of a crime, or an instrumentality of a crime, they may seize the object without a warrant. See, e.g., McDonald v. State, 354 Ark. 216, 224,119 S.W.3d 41, 46-47 (2003); A.R.Cr.P. 14.4 (2004). A warrant also is not necessary if exigent circumstances exist, such as the risk of the removal or destruction of evidence. See, e.g., Humphrey v. State, 327 Ark. 753,766, 940 S.W.2d 860, 867 (1997). A warrant, of course, is not necessary if the officers receive valid consent for the seizure. See A.R.Cr.P. 11 (2004).
These general Fourth Amendment principles for seizures apply to seizures of stolen property. Stolen property has historically been subject to seizure. For a discussion of that history, see Fort Wayne Books, Inc. v.Indiana, 489 U.S. 46, 63 (1989) ("[T]he general rule under the Fourth Amendment is that any and all contraband, instrumentalities, and evidence of crimes may be seized on probable cause (and even without a warrant in various circumstances."))
The Landers decision did not alter these Fourth Amendment principles, as applied to stolen property that is located in a pawn shop. In fact, the court explicitly noted:
 We emphasize that we do not consider the police "hold," in itself, to be the issue in this case. Pawnshop records are required to be kept and made available to law enforcement agencies upon request to aid in criminal investigations. See Ark. Code Ann. § 12-12-103 (Repl. 1999). Similarly, placing a "hold" on pawnshop property that matches stolen property can be a valuable law enforcement tool.
Landers, 355 Ark. at ___, 132 S.W.3d at 752. Rather, the issue inLanders was whether the statutory mandate that the pawn shop return the property to the alleged owner, prior to adjudication, violated due process principles. Thus, the Landers court did not hold that stolen property in the possession of a pawn shop could not be seized for law enforcement purposes. Rather, the Landers court held that a requirement that the pawn shop return property to the alleged true owner, without an adjudication of the pawn shop's interest in the property, violated the principle of due process.
Accordingly, I conclude that the Landers decision did not affect the ability of police to seize, for law enforcement purposes, stolen property (or property that was used in a crime) that is located in a pawn shop. Such seizures will be governed by standard Fourth Amendment principles, under which the particular facts and circumstances of the case will determine whether a warrant will be required. The Landers decision will affect the case only to the extent that the return of the property to the alleged true owner becomes an issue.
Question 2 — If police have seized property from a pawn shop, can thepolice return it to the rightful owner after the criminal case iscompleted, or do the police return it to the pawn shop?
The disposition of seized property is governed by Rule 15 of the Arkansas Rules of Criminal Procedure. See also A.C.A. § 5-5-101 (Supp. 2003). Rule 15 provides that interested parties may file a motion for the return of the property. The motion is filed with the court to which the warrant, if any, was returned, or with the court having jurisdiction of the offense in question (as the case may be). If it becomes apparent to the court that possessory rights to the property are disputed, the court may take the following action: "return the things to the person from whose possession they were seized, or impound the things seized and remit the several claimants to appropriate civil process for determination of the claims." A.R.Cr.P. 15.2(f). The court's action in response to a motion for return of seized property can be appealed. A.R.Cr.P. 15.2(e). TheLanders decision makes clear that seized property in which a pawn shop claims an interest cannot be returned to another party claiming an interest therein without an adjudication of the pawn shop's claim. The procedure outlined in Rule 15 assures that the required adjudication will be provided.
Question 3 — Is a conviction enough proof to allow the property to bereturned to the rightful owner, or is a separate hearing required?
It is my opinion that a separate hearing is required. The criminal proceeding in which the conviction is obtained will not necessarily include consideration of issues related to competing disputed possessory interests in the seized property. Because the evidence that is relevant to such issues is not necessarily needed in order to obtain the conviction, it will not necessarily be introduced during the criminal proceeding. Accordingly, the criminal proceeding does not, in my opinion, constitute the type of due process hearing that is required underLanders.
Question 4 — What type of hearing is required by the rightful owner toget the pawn shop to turn over the property? In other words, what does arightful owner have to do to get his property back?
See response to Question 2.
Question 5 — What prevents the police from arresting pawn shop owners whoare in possession of stolen property but do not release the property?Does that not put pawn shop owners in a position of following Landers andrisking arrest?
As explained in response to Question 1, police are not prohibited from seizing, under appropriate circumstances, stolen property (or property that was used in a crime) that is located in a pawn shop. As also explained, the Landers decision does not impact the ability of police officers to carry out such seizures for law enforcement purposes. Rather, the Landers decision impacts the disposition of property that has been seized from a pawn shop. The scenario you have described therefore need not transpire.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] With regard to this point, I must amplify a statement that was included in Attorney General Opinion No. 2004-116, previously issued by my office. In that opinion, I stated: "One matter is clear, however: Fourth Amendment principles will govern only if the seizure in question takes place in the context of a criminal proceeding for the purpose of preserving evidence. If it does not, the pertinent constitutional provision will be the 14th Amendment and the principle of due process. SeeUnited States v. James Daniel Good Real Property, 510 U.S. 43 (1993)." In addition to criminal cases, the Fourth Amendment can apply as well in cases of civil forfeiture. See One 1958 Plymouth Sedan v. Pennsylvania,380 U.S. 693, 696 (1965) (holding that the exclusionary rule applies to civil forfeiture).